UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-80048-Cannon/Reinhart

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 963
21 U.S.C. § 952(a)
21 U.S.C. § 853

UNITED STATES OF AMERICA




vs.

SANTIAGO LOPEZ CIRO,
JUAN BARBOSA GOMEZ,
and JULIANA GOMEZ MESA,

Defendants.
_______________________________________/

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Conspiracy to Possess with Intent to Distribute a Controlled Substance**
**(21 U.S.C. § 846)**

From in or around February 2022, the exact date being unknown to the Grand Jury, and continuing through on or about March 21, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**SANTIAGO LOPEZ CIRO,**
**JUAN BARBOSA GOMEZ,**
**and**
**JULIANA GOMEZ MESA,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons, known and unknown to the Grand Jury, to possess with intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

It is further alleged that as to defendants **SANTIAGO LOPEZ CIRO, JUAN BARBOSA GOMEZ, and JULIANA GOMEZ MESA,** the controlled substance involved in the conspiracy attributable to each defendant as a result of that defendant's own conduct, and the conduct of other conspirators reasonably foreseeable to said defendant, is a mixture and substance containing a detectable amount of 4-Bromo-2,5-dimethoxyphenethylamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

**COUNT 2**
**Attempted Possession with Intent to Distribute a Controlled Substance**
**(21 U.S.C. § 846)**

On or about March 21, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SANTIAGO LOPEZ CIRO,**
**JUAN BARBOSA GOMEZ,**
**and**
**JULIANA GOMEZ MESA,**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of 4-Bromo-2,5-dimethoxyphenethylamine, a Schedule I controlled substance.

**COUNT 3**
**Conspiracy to Import a Controlled Substance**
**(21 U.S.C. § 963)**

From in or around February 2022, the exact date being unknown to the Grand Jury, and continuing through on or about March 2, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**SANTIAGO LOPEZ CIRO,**
**JUAN BARBOSA GOMEZ,**
**and**
**JULIANA GOMEZ MESA,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons, known and unknown to the Grand Jury, to import into the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

It is further alleged that as to defendants **SANTIAGO LOPEZ CIRO, JUAN BARBOSA GOMEZ, and JULIANA GOMEZ MESA,** the controlled substance involved in the conspiracy attributable to each defendant as a result of that defendant's own conduct, and the conduct of other conspirators reasonably foreseeable to said defendant, is a mixture and substance containing a detectable amount of 4-Bromo-2,5-dimethoxyphenethylamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 960(b)(3).

**COUNT 4**
**Importation a Controlled Substance**
**(21 U.S.C. § 952(a))**

On or about March 2, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SANTIAGO LOPEZ CIRO,**
**JUAN BARBOSA GOMEZ,**
**and**
**JULIANA GOMEZ MESA,**

did knowingly and intentionally import into the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Section 952(a) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 960(b)(3), it is further alleged that this violation involved a mixture and substance containing a detectable amount of 4-Bromo-2,5-dimethoxyphenethylamine, a Schedule I controlled substance.

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants SANTIAGO LOPEZ CIRO, JUAN BARBOSA GOMEZ, and JULIANA GOMEZ MESA, have an interest.

2. Upon conviction of a violation of Title 21, United States Code, Sections 963 and 846, as alleged in this Indictment, the defendants shall forfeit to the United States, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

LARA TREINIS GATZ
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**
**v.**

**CASE NO.:** 22-cr-80048-Cannon/Reinhart

**SANTIAGO LOPEZ CIRO,**
**JUAN BARBOSA GOMEZ,**
**and JULIANA GOMES MESA,**
_______________________________/

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
☐ Miami ☐ Key West ☐ FTP
☐ FTL ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **YES**
List language and/or dialect: **SPANISH**

4. This case will take **FIVE** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I | ☒ 0 to 5 days | ☐ Petty |
| II | ☐ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☒ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) **NO**
If yes, Judge Case No.
7. Has a complaint been filed in this matter? (Yes or No) **YES**
If yes, Magistrate Case No. **22-MJ-8099 (RMM)**
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **NO**
If yes, Judge Case No.
9. Defendant(s) in federal custody as of **3/21/22**
10. Defendant(s) in state custody as of
11. Rule 20 from the District of
12. Is this a potential death penalty case? (Yes or No) **NO**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **NO**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **NO**

**By:** *Lara Treinis Gatz*
Lara Treinis Gatz
Assistant United States Attorney
Court ID No. A5502857

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name: SANTIAGO LOPEZ CIRO**

**Case No:** 22-cr-80048-Cannon/Reinhart

**Count #: 1**

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #:2**

Attempted Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 846 and 841(b)(1)(C)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #:3**

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Sections 963, 952(a), and 960(b)(3)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #: 4**

Importation of a Controlled Substance

Title 21, United States Code, Sections 952(a) and 960(b)(3)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

***Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name: JUAN BARBOSA GOMEZ**

**Case No:** 22-cr-80048-Cannon/Reinhart

**Count #: 1**

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #:2**

Attempted Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 846 and 841(b)(1)(C)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #:3**

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Sections 963, 952(a), and 960(b)(3)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #: 4**

Importation of a Controlled Substance

Title 21, United States Code, Sections 952(a) and 960(b)(3)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

***Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** **JULIANA GOMEZ MESA**

**Case No:** 22-cr-80048-Cannon/Reinhart

**Count #: 1**

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #:2**

Attempted Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 846 and 841(b)(1)(C)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #:3**

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Sections 963, 952(a), and 960(b)(3)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

**Count #: 4**

Importation of a Controlled Substance

Title 21, United States Code, Sections 952(a) and 960(b)(3)

***Max. Penalty:** 20 years' imprisonment, 3 years to Life of supervised release, $1,000,000 fine, $100 special assessment

***Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.**